UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
DANIEL SMITH,                          )
                                       )
     Plaintiff,                        )
                                       )
     v.                                )    NO.  3:12-0057
                                       )    Judge Haynes/Bryant
SSS SECURE HOLDINGS, LLC d/b/a         )    Jury Demand
FINANCIAL SERVICES CENTER,             )
                                       )
     Defendant.                        )
```

**TO: CHIEF JUDGE WILLIAM J. HAYNES, JR.**

### REPORT AND RECOMMENDATION

This case is presently before the Court on Plaintiff's Motion for Default Judgment (Docket Entry No. 13) to which no response has been made by Defendant.

This motion has been referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 3).

### STATEMENT OF THE CASE

Plaintiff Daniel Smith, who is proceeding *pro se*, has filed this action alleging that Defendant SSS Secure Holdings, LLC d/b/a Financial Services Center has violated the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227). Plaintiff seeks an injunction requiring Defendant to cease further calls and an award of statutory damages.

Defendant has not responded to the complaint or otherwise appeared in this action, and the Clerk has entered default pursuant

to Rule 55(a), Federal Rule of Civil Procedure. (Docket Entry No. 10). Thereafter, Plaintiff filed his motion for default judgment supported by his affidavit. (Docket Entry No. 15). The undersigned Magistrate Judge conducted a hearing on Plaintiff's motion for default judgment on July 17, 2012. Plaintiff appeared at that hearing but Defendant made no appearance.

## **ANALYSIS**

The Telephone Consumer Protection Act of 1991, codified at 47 U.S.C. § 227, makes it unlawful for any person to make a call using any "automatic telephone dialing system or an artificial or prerecorded voice" to any cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii). The statute provides a private right of action for a violation of the statute, and establishes statutory damages in the amount of $500 for each violation. The statute further finds that if the defendant "willfully or knowingly" violated this statute, the Court, in it discretion, may treble the award of damages. 47 U.S.C. § 227(b)(3).

From Plaintiff's affidavit filed in support of his motion and from his sworn testimony at the hearing on this motion, the undersigned Magistrate Judge finds the following facts. On September 6, 2011, Defendant SSS placed an unsolicited telemarketing call to Plaintiff's cellular phone from telephone number 800-279-2348. Plaintiff had no previous dealings or communications with anyone at this number. Based on internet

2

research into the above telephone number, Plaintiff determined that the number was assigned to Defendant. On September 6, 2011, Plaintiff sent an email to Defendant at [info@financial-servicescenter.org](info@financial-servicescenter.org) demanding that Plaintiff's cellular telephone number be removed from Defendant's call list. Thereafter, on September 8, Plaintiff received another unsolicited call from Defendant, which Plaintiff answered and instructed the caller to stop calling him. The caller hung up the phone.

On September 30, 2011, Defendant called Plaintiff again on his cellular telephone service. On that date Plaintiff faxed and mailed Defendant a certified letter notifying Defendant that the preceding unsolicited calls were unwanted and directing Defendant to cease calling Plaintiff's cellular telephone number. In summary, Defendant placed a total of 10 unsolicited calls to Plaintiff's cellular telephone after being directed by Plaintiff to cease calling him. These calls were placed on various dates listed in Plaintiff's affidavit (Docket Entry No. 15) in September, October and November 2011 and January and May 2012.

From this evidence, the undersigned finds that Defendant, using an automatic telephone dialing system, placed a total of 10 unsolicited calls to Plaintiff's cellular telephone in violation of 47 U.S.C. § 227. According to the statute, Plaintiff is entitled to recover statutory damages in the amount of $500 for each such call, for a total of $5,000. In addition, the undersigned finds

that Plaintiff, in multiple ways, instructed Defendant to cease making these unsolicited calls, but that Plaintiff, despite these requests, nevertheless continued the calls. From this evidence, the undersigned concludes that Defendant willfully or knowingly violated the statutory provisions prohibiting such calls and, therefore, the statutory damage award should be trebled to an amount totaling $15,000.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiff Smith's motion for default judgment be GRANTED, and that Plaintiff Smith have and recover judgment by default against Defendant SSS Secure Holdings, LLC d/b/a Financial Service Center in the amount of $15,000 and costs, and that the Court issue an injunction prohibiting Defendant from making further calls to Plaintiff's cellular telephone.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S.

Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 8th day of March, 2013.

                                              s/ John S. Bryant
                                              JOHN S. BRYANT
                                              United States Magistrate Judge